

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00097-CR
_____

IN RE:  TOMMY PERKINS

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Tommy Perkins has filed a petition for writ of mandamus requesting this Court order the Honorable Eric Clifford, presiding judge of the 6th Judicial District,[1] to rule on his petition for expunction of records and requesting this Court to order Marvin Ann Patterson, clerk of the 6th Judicial District in Lamar County, Texas, to respond to his requests concerning the status of the expunction petition. Perkins alleges he was convicted of capital murder July 29, 1993, and filed a petition for expunction in June 2008.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress the alleged harm and that he seeks to compel a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). Relator must establish that the trial court (1) had a ministerial duty to perform the act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam).

To the extent Perkins' petition seeks relief against the district clerk, we lack jurisdiction to grant his request. This Court does not have mandamus jurisdiction over district clerks. *In re Coronado*, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig. proceeding) (per

---

[1] We note that Perkins requested relief against the Honorable Jim D. Lovett, who was formerly the presiding judge of the 6th Judicial District. As the current presiding judge, the Honorable Eric Clifford is automatically substituted as a party. *See* TEX. R. APP. P. 7.2(a).

2

curiam) (for district clerk to fall within jurisdictional reach of court of appeals, must establish that mandamus is necessary to enforce court of appeals' jurisdiction). This Court's mandamus jurisdiction, except when necessary to enforce our jurisdiction, is limited to district courts or county courts. TEX. GOV'T CODE ANN. § 22.221 (West 2004). To the extent Perkins seeks relief against the district clerk, we deny his request for lack of jurisdiction.

To the extent that Perkins complains about the district court refusing to rule on his expunction, Perkins has failed to provide this Court with an adequate record. Although a trial court has a ministerial duty to consider and rule on a properly filed and pending motion within a reasonable time,[2] it is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *see* TEX. R. APP. P. 52.3; *In re Mendoza*, 131 S.W.3d 167 (Tex. App.—San Antonio 2004, orig. proceeding). While the petition does contain an appendix, the appendix does not include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(k)(1)(A). We note that Perkins has attached a copy of a denial of a bench warrant. Perkins, though, has failed to provide this Court with a copy of the motion complained of—the expunction petition. *See* TEX. R. APP. P. 52.3(k). We cannot evaluate the petition for writ of mandamus without a copy of the expunction petition.

---

[2]*In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

3

For the reasons stated, we deny the petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:     June 12, 2012
Date Decided:       June 13, 2012

Do Not Publish