**Opinion issued December 13, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-12-01064-CR**

————————————

**IN RE MICHAEL SCOTT TONEY, Relator**

———

**Original Proceeding on Petition for Writ of Mandamus**

———

**MEMORANDUM OPINION**

Relator, Michael Scott Toney, has filed a pro se petition for writ of

mandamus in this Court. *See* TEX. GOV'T CODE § 22.221 (Vernon 2004); *see also*

TEX. R. APP. P. 52. Relator complains that the trial court judge[*] has not ruled on a

---

[*]   The respondent is The Honorable Denise Collins of the 208th District Court, Harris County, Texas. This original proceeding arises out of Cause No. 9403369, styled *State of Texas v. Michael Toney*, 208th District Court, Harris County,

post-conviction petition for writ of mandamus that he claims to have filed in the trial court. In the petition, relator requested the trial court to order the Harris County District Clerk to correct certain information on its website pertaining to relator's 1993 conviction.

To obtain mandamus relief in this Court, relator must establish that the act sought to be compelled is ministerial and that he has no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion, or, as in this case, a petition for writ of mandamus, that is properly filed and before the trial court is a ministerial act. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To establish that the trial court abused its discretion by failing to rule, a relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform that act, and (3) refused to do so. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

To obtain mandamus relief for the trial court's refusal to rule on his mandamus petition, relator must establish (1) it was properly filed and has been

Texas, the Honorable Denise Collins, presiding. In 1993, a jury found appellant guilty of burglary of a habitation with the intent to commit the offense of aggravated assault and assessed his punishment at 40 years. This Court affirmed his conviction on direct appeal in *Toney v. State*, No. 01–94–00239–CR, 1996 WL 183411, at *12 (Tex. App.—Houston [1st Dist.] Apr. 18, 1996, pet. dism'd, untimely filed) (not designated for publication).

2

pending for a reasonable time; (2) the relator requested a ruling on the mandamus petition; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). The mere filing of the mandamus petition with the trial court clerk does not equate to a request that the trial court rule on petition. *See id.*

Here, relator has attached a copy of the mandamus petition, which he claims to have mailed from prison to the district clerk on July 27, 2012. Relator, however, has not provided this Court with a file-stamped copy of the mandamus petition or any other documents indicating that a properly filed mandamus petition is pending before the trial court. *See id.*; *see also* TEX. R. APP. P 52.3(k) (requiring certified or sworn copy of any order complained of, or any other document showing matter complained of, to be included in appendix); TEX. R. APP. P. 52.7(a)(1) (providing that relator must file with petition certified or sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding).

Relator has also attached a copy of a letter dated September 2, 2012 addressed to the trial court, "demanding" that it rule on his mandamus petition. Relator also attaches (1) a certified mail receipt showing that an item was mailed on September 10, 2012 to the trial court and (2) a print-out from the post office's website indicating delivery of an item to the trial court on September 12, 2012.

3

Assuming that the trial court received the letter, relator has still not shown that the trial court received or was made aware of the mandamus petition; that is, the September 12, 2012 letter does not establish that a mandamus petition is pending before the trial court. *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding).

Relator also bears the burden of providing a record establishing that his mandamus petition has awaited disposition by the trial court for an unreasonable period of time. *See id.* Whether an unreasonable amount of time has lapsed is dependent on the circumstances of each case. *Barnes*, 832 S.W.2d at 426. "[N]o bright-line demarcates the boundaries of a reasonable time period." *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). Courts consider several factors in determining whether the trial court has unnecessarily delayed a ruling, including the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the court's docket, the court's inherent power to control its docket, and the existence of other judicial and administrative matters which must be addressed. *See id.*; *see also In re Blakeney*, 254 S.W.3d 659, 663 (Tex. App.—Texarkana 2008, orig. proceeding).

Here, the mandamus record is silent as to these considerations. Even if we were to accept relator's allegations regarding the filing of the mandamus petition in the trial court as true, relator has offered no legal authority or evidence showing

that the alleged delay in ruling constitutes an unreasonable period of time for the trial court to consider the mandamus petition. *See, e.g., In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (concluding five-month delay not per se unreasonable).

Relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


                                        Laura Carter Higley
                                        Justice


Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).