**Opinion issued May 23, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————————

**NO. 01-13-00327-CR**
**NO. 01-13-00328-CR**

————————————————

**IN RE RALPH MYERS, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Ralph Myers, has filed two pro se petitions for writ of mandamus in

this Court. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *see also* TEX. R.

APP. P. 52. Relator complains that the trial court judge[*] has not conducted a hearing and ruled on a motion to suppress that appellant claims to have filed in the trial court in each of the two criminal cases pending against him.

To obtain mandamus relief in this Court, relator must establish that the act sought to be compelled is ministerial and that he has no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the trial court is a ministerial act. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To establish that the trial court abused its discretion by failing to rule, a relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform that act, and (3) refused to do so. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

To obtain mandamus relief for the trial court's refusal to rule on his motion to suppress, relator must establish (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex.

---

[*] The respondent is the Honorable David Mendoza, presiding judge of the 178th District Court, Harris County, Texas. Relator informs us that these original proceedings arise out of cause numbers 1343882 and 1343883, styled *State of Texas v. Ralph Myers*, pending in the 178th District Court, Harris County, Texas.

App.—Waco 2008, orig. proceeding). The mere filing of a motion to suppress with the trial court clerk does not equate to a request that the trial court rule on the motion. *See id.*

Here, relator has not provided this Court with a file-stamped copy of the motion or any other documents indicating that a properly filed motion is pending before the trial court. *See id.*; *see also* TEX. R. APP. P 52.3(k) (requiring certified or sworn copy of any order complained of, or any other document showing matter complained of, to be included in appendix); TEX. R. APP. P. 52.7(a)(1) (providing that relator must file with petition certified or sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding).

Assuming that a motion was filed in the trial court, relator has still not shown that the trial court was made aware of the motion in either of the criminal cases. *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Relator also bears the burden of providing a record establishing that his motions to suppress have awaited disposition by the trial court for an unreasonable period of time. *See id.* Whether an unreasonable amount of time has lapsed is dependent on the circumstances of each case. *Barnes*, 832 S.W.2d at 426. "[N]o bright-line demarcates the boundaries of a reasonable time period." *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). Courts

consider several factors in determining whether the trial court has unnecessarily delayed a ruling, including the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the court's docket, the court's inherent power to control its docket, and the existence of other judicial and administrative matters that must be addressed. *See id.*

Here, the mandamus record is silent as to these considerations. Even if we were to accept relator's allegations regarding the filing of the motion to suppress in the trial court as true, relator has offered no legal authority or evidence showing that the alleged delay in ruling constitutes an unreasonable period of time for the trial court to consider the motion. *See, e.g., In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (concluding five-month delay not per se unreasonable). To the contrary, relator avers that the cases pending against him in the trial court have been transferred from one trial court to another as a result of a motion to transfer filed by counsel. Relator also states that he has, on at least one occasion, been appointed new counsel. This could explain the alleged delay in the trial court's ruling on his motions to suppress.

In short, Relator has not established his entitlement to the extraordinary relief of a writ of mandamus in either original proceeding. Accordingly, we deny relator's petitions for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


Laura Carter Higley

Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).