

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00929-CV

**IN RE** Tracey **MURPHY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: December 19, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to rule on all his motions and petitions and the District Clerk has refused to issue citations. We deny the petition for writ of mandamus.

### TRIAL COURT

Relator first asks this court to order the trial court to rule or hold hearings on "all filed petitions [and] motions."

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial

---

[1] This proceeding arises out of Cause No. 15-04-00091-CVK, styled *Tracey W. Murphy v. D'Ann Mayfield, et al.*, pending in the 81st Judicial District Court, Karnes County, Texas, the Honorable Donna S. Rayes presiding.

duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, the record contains (1) an April 1, 2015 file-stamped copy of relator's "Petition for Bill of Review"; (2) a July 10, 2017 letter to the Karnes County District Clerk asking that an attached "Motion to Call and/or Conduct Hearing on 'All' Petitions and Motions" be brought to the trial court's attention; (3) an October 30, 2017 letter to the Clerk asking that citations be issued on a writ of mandamus and writ of mandatory injunction; (4) a May 16, 2018 letter to Judge Rayes complaining the Clerk has refused to issue citations; and (5) a copy of a "Petitioner's Verified Motion for Request for Issuance of Citation" that is not file-stamped but has a certificate of service stating the document was mailed to Judge Rayes on May 16, 2018.

Although the record indicates relator's "Petition for Bill of Review" was properly filed almost three years ago, relator has not provided this court with a copy of the trial court's docket or any proof indicating the trial court is aware of the "Petition for Bill of Review." "Merely filing the ["Motion to Call and/or Conduct Hearing on 'All' Petitions and Motions"] with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court." *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Because relator did not

provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief ordering the trial court to rule on the "Petition for Bill of Review."

The remainder of relator's complaints against the trial court center on the trial court's alleged refusal to order the Clerk to issue the citations. A trial court's judicial discretion extends to its decision how to rule after it considers a motion properly before it, and an appellate court may not issue a writ of mandamus to compel a trial court to rule a certain way on that motion. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). Therefore, we cannot order the trial court to compel the Clerk to issue citations.

## DISTRICT CLERK

Relator next asks this court to order the Karnes County District Clerk to issue citations. This court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. TEX. GOV'T CODE § 22.221(a), (b). "In order for a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction." *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam). Relator does not have an appeal pending in this court nor has he demonstrated that the exercise of our mandamus authority against the Karnes County District Clerk is appropriate to enforce our jurisdiction. Consequently, we have no authority to issue a writ of mandamus against the Clerk.

## CONCLUSION

For the reasons stated above, we deny relator's petition for writ of mandamus.

PER CURIAM