**In re Angel MENDOZA.**

No. 04–03–00933–CV.

Court of Appeals of Texas, San Antonio.

Jan. 14, 2004.

Angel Mendoza, San Antonio, pro se.

Susan D. Reed, Criminal Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

#### OPINION

Opinion by SANDEE BRYAN MARION, Justice.

On December 18, 2003, relator filed a petition for writ of mandamus, asking this court to order the trial court to rule on his application for writ of habeas corpus bail pending. A trial court is required to consider and rule upon a motion within a reasonable time. *Safety–Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig. proceeding). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *Id.* However, the trial court has a reasonable time within which to perform this ministerial duty. *Id.* Accordingly, if a court unnecessarily delays ruling, mandamus will lie in appropriate situations. Here, relator has not provided this court with copies of his

applications for a writ of habeas corpus, a copy of the trial court's docket, or any other proof that these applications are pending before the trial court. It is the relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992); TEX.R.APP. P. 52.3(j), 52.7(a).

However, copies of relator's application are contained in the clerk's record in a related appeal pending before this court.[2] It appears relator filed three identical applications, on October 8, 2003; October 13, 2003; and October 15, 2003. Three months have expired since the filing of the applications. Without evidence of the trial court's overt refusal to entertain the applications (which evidence is absent here), we cannot hold as a matter of law that the passage of three months constitutes a *per se* unreasonable time period. Nor will we presume from the mere passage of three months that the trial court has refused to act upon the applications.

Because relator has not met his burden of providing a record establishing that his applications have awaited disposition for an unreasonable time, he has not provided this court with grounds to usurp the trial court's inherent authority to control its own docket. *See In re Chavez,* 62 S.W.3d 225 (Tex.App.-Amarillo 2001) (orig.proceeding). Therefore, this court has determined that relator is not entitled to the relief sought, and the petition is denied. TEX.R.APP. P. 52.8(a).

Concurring opinion by ALMA L. LÓPEZ, Chief Justice.

Concurring opinion by ALMA L. LÓPEZ, Chief Justice.

The majority denies Angel Mendoza the relief he requests because the record does not contain "evidence of the trial court's overt refusal to entertain the applications" for bond pending appeal that Mendoza filed with the trial court pro se. Having made reference to the record from Mendoza's direct appeal, I believe this court must look at the entire record and the history of the appellate proceedings. After reviewing the entire record, I believe the record clearly demonstrates the failure of appointed counsel to act on Mendoza's behalf. Although our existing record does not support mandamus relief, the record supports the possibility that mandamus relief may be appropriate in the near future.

On June 10, 2003, Curtis W. Bannert was appointed to represent Mendoza in the underlying cause. Bannert represented Mendoza at a plea proceeding and a sentencing hearing. On September 8, 2003, Mendoza was sentenced to two years in state jail and a $2,500 fine.

On September 16, 2003, Mendoza filed a *pro se* notice of appeal. On September 19, 2003, Mendoza filed his first *pro se* petition for writ of habeas corpus bail pending appeal. On September 22, 2003, Mendoza filed his second *pro se* petition for writ of habeas corpus bail pending appeal. On October 8, 2003, Mendoza filed his third *pro se* petition for writ of habeas corpus bail pending appeal and a *pro se* motion for appointment of counsel on appeal. On October 13, 2003, Mendoza filed his fourth *pro se* petition for writ of habeas corpus bail pending appeal. On October 15, 2003, Mendoza filed his fifth *pro se* petition for writ of habeas corpus bail pending appeal and his second motion for appointment of counsel on appeal. On October 31, 2003, Mendoza filed a *pro se* motion to dismiss appointed counsel and his third motion for

**2.** Relator's direct appeal from his conviction is pending in appellate cause number 04–03–

00704–CR, styled *Angel Mendoza v. The State of Texas.*

appointment of counsel on appeal.[1]

In addition to the documents filed with the trial court, Mendoza also sought answers from this court. On October 15, 2003, Mendoza filed a *pro se* letter seeking information regarding the status of his appeal and his motion for an appeal bond. In response, this court informed Mendoza that the appellate records were due to be filed on November 7, 2003.

On October 21, 2003, Mendoza filed a second *pro se* letter seeking information regarding the status of his appeal and his request for an appeal bond. On October 22, 2003, Mendoza filed a third *pro se* letter seeking information regarding his motions for an appeal bond. This court responded to these inquiries on October 22, 2003, informing Mendoza that he was represented by Bannert and all motions and requests for relief must be filed by Bannert.

On October 24, 2003, Mendoza filed a *pro se* motion for appointment of counsel on appeal. The motion was denied by this court as moot because Mendoza was represented by appointed counsel.

On October 31, 2003, Mendoza filed a *pro se* motion seeking to dismiss appointed counsel. Mendoza stated that Bannert had failed to represent him and that Bannert had moved offices and failed to provide Mendoza with any information about his case. Mendoza further stated that he had contacted the State Bar of Texas concerning the matter.

On November 2, 2003, the copy of our letter to Bannert, informing him of our decision to deny Mendoza's motion of October 24, 2003, was returned to this court with a notation that Bannert had moved and left no forwarding address. Our

clerk's office located a current address for Bannert and started sending notices to the new address.

On December 1, 2003, this court issued an order denying Mendoza's request to dismiss appointed counsel, stating that Mendoza had failed to satisfy his burden of showing that he was entitled to a change of counsel. On December 1, 2003, and December 2, 2003, Mendoza filed two additional *pro se* letters seeking information on the status of his motions for an appeal bond. On December 2, 2003, this court forwarded copies of Mendoza's correspondence to Bannert and requested that he advise his client to refrain from communicating directly with the court.

On December 17, 2003, Mendoza filed another *pro se* letter with the court, requesting that this court assist him in requiring Bannert to file a motion for an appeal bond. Mendoza stated that Bannert had not been in contact with him. Mendoza also stated that he tried to obtain an appeal bond *pro se*, but the trial court clerk informed him that his attorney would need to file the motion seeking the appeal bond. Mendoza further stated that he wrote a letter to the trial court asking for a hearing but had received no response. This court filed the letter as information received.

Appellant's brief was due to be filed in his appeal on December 8, 2003. On December 18, 2003, this court notified Bannert that the brief was late. Bannert was required to respond by December 29, 2003. No response has been filed.

If the appeal continues on its current path, it would appear that this court will soon be abating the appeal to the trial court for an abandonment hearing. *See*

---

1. Since the clerk's record was filed on November 7, 2003, I question what additional filings a supplemental clerk's record would reveal were made after October 31, 2003, in relation to Mendoza's requests for an appeal bond.

TEX.R.APP. P. 38.8(b). Although I agree that the record before us does not indicate that the trial court has intentionally failed to rule on Mendoza's *pro se* requests for an appeal bond, the record does indicate an unwillingness by the trial court clerk to set a *pro se* request for an appeal bond for a hearing even when the record reflects difficulties with appointed counsel. Assuming the appeal is abated, I hope this opinion encourages the trial court to conduct a hearing on Mendoza's numerous requests for an appeal bond. Because the record does not, at this time, support the granting of mandamus relief, I concur in the majority's order denying relief.