NO.
12-06-00302-CV

NO. 12-06-00303-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: CURTIS ANTONIO
DAVIS,          §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original mandamus proceeding, Curtis Antonio Davis seeks an order requiring the
trial court to file his two misdemeanor applications for writ of habeas corpus and
dispose of them.  Because Davis’s
applications have been filed, we construe his mandamus petition as a request
for an order requiring the trial court to rule on the applications.

            In a
criminal case, mandamus relief is authorized only if the relator establishes
that (1) he has no other adequate legal remedy and (2) under the facts and the
law, the act sought to be compelled is purely ministerial.  State ex rel. Hill v. Fifth Court of
Appeals, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001).  A trial court has a ministerial duty to
consider and rule on a motion within a reasonable time.  In re Thomas, No.
12-05-00261-CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig.
proceeding).  If a court unnecessarily
delays ruling, mandamus will lie in appropriate situations.  In re Mendoza, 131 S.W.3d 167,
167 (Tex. App.–San Antonio 2004, orig. proceeding).        Along
with his mandamus petition, Davis furnished us a copy of a letter dated October
7, 2005 transmitting the habeas applications to the County Clerk of Smith
County.  Additional materials indicate
that the applications were originally filed in County Court at Law No. 2, Smith
County, but were “sent” to the County Court at Law after the presiding judge of
County Court at Law No. 2 discovered he had previously represented Davis.  On July 13, 2006, both applications were
transferred to County Court at Law No. 3, with the Honorable Floyd T. Getz
presiding.  Although the applications
have been pending for approximately ten months, they have been assigned to
County Court at Law No. 3 for only one month. 
We cannot conclude that the passage of one month constitutes an
unreasonable time period to delay ruling on the applications, and we have not
been furnished with any evidence that the respondent trial judge has overtly
refused to rule.  Therefore, Davis has
not shown that he is entitled to the relief sought.  The petition for writ of mandamus is denied.  See Tex.
R. App. P. 52.8(a).

 

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

 

Opinion delivered August 31,
2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

(PUBLISH)