

**MEMORANDUM OPINION**

No. 04-09-00395-CR

**IN RE** Victor **RAY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
            Rebecca Simmons, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:   August 5, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On July 1, 2009, relator Victor Ray filed a petition for writ of mandamus, seeking to compel the trial court to rule on his motion to dismiss appointed counsel, Dan McCauley, and his motion for *pro se* representation. However, on July 10, 2009, the trial court signed an order granting Dan McCauley's motion to withdraw as one of relator's attorneys of record.[2] Therefore, we deny as moot the relief sought regarding the motion to dismiss appointed counsel.

---

[1] ▲ This proceeding arises out of Cause No. 2008-CR-5121, styled *State of Texas v. Victor Ray*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

[2] ▲ On July 10, 2009, the trial court also signed an order granting Martin Guerra's motion to withdraw as relator's other attorney of record.

We next turn to relator's contention that the trial court has failed to rule on his motion for *pro se* representation. To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record shows that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

The record before us fails to establish relator is entitled to the relief requested. Although relator alleges he filed his motion on June 24, 2009, relator has not provided this court with a file stamped copy of the motion, a copy of the trial court's docket, or any other proof that he filed the motion and that it is pending before the trial court. In addition, if a motion is properly filed, a trial court has a reasonable time within which to perform its ministerial duty. *See Safety-Kleen*, 945 S.W.2d at 269. Even if relator's motion was properly filed, the motion has not awaited disposition for an unreasonable amount of time.

Accordingly, because relator has not met his burden of providing a record establishing that a motion was properly filed and has awaited disposition for an unreasonable amount of time, he has not provided this court with grounds to usurp the trial court's inherent authority to control its own

docket. *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding).

Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH