*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00742-CR

**IN RE** Willie S. **PHILLIPS,** Jr.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: December 16, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On November 18, 2009, relator Willie S. Phillips, Jr. filed a petition for writ of mandamus, seeking to compel the trial court to rule on his motion to dismiss his appointed counsel, Brandon Hudson.

However, in order to obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). When a

---

[1] This proceeding arises out of Cause Nos. 2008-CR-10199, 2008-CR-10200, and 2008-CR-10201, styled *State of Texas v. Willie S. Phillips, Jr.*, pending in the 399th Judicial District Court, Bexar County, Texas, the Honorable Juanita A. Vasquez-Gardner presiding.

properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record shows that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

The record before us fails to establish relator is entitled to the relief requested. Although relator alleges he filed his motion, relator has not provided this court with a file stamped copy of the motion, a copy of the trial court's docket, or any other proof that he filed the motion and that it is pending before the trial court. In addition, if a motion is properly filed, a trial court has a reasonable time within which to perform its ministerial duty. *See Safety-Kleen*, 945 S.W.2d at 269. Even if relator's motion was properly filed, relator has not established the motion has awaited disposition for an unreasonable amount of time.

Accordingly, because relator has not met his burden of providing a record establishing that a motion was properly filed and has awaited disposition for an unreasonable amount of time, he has not provided this court with grounds to usurp the trial court's inherent authority to control its own docket. *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH