*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00064-CR

**IN RE** Donta Daray **AUBRETY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
           Karen Angelini, Justice
           Marialyn Barnard, Justice

Delivered and Filed: February 17, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On January 28, 2010, relator Donta Daray Aubrety filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his *pro se* motion to dismiss his appointed counsel, Joseph Anthony Hernandez.

However, in order to obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling

---

[1] This proceeding arises out of Cause No. 2009-CR-5415, styled *State of Texas v. Donta Daray Aubrety*, in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record shows that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

The record before us fails to establish relator is entitled to the relief requested. Relator indicates he filed his *pro se* motion to dismiss his appointed counsel on January 26, 2010, just two days prior to filing this petition for writ of mandamus. A trial court has a reasonable time within which to perform its ministerial duty. *See Safety-Kleen*, 945 S.W.2d at 269. Relator has not established the motion has awaited disposition for an unreasonable amount of time.

Because relator has not met his burden of providing a record establishing that a motion was properly filed and has awaited disposition for an unreasonable amount of time, he has not provided this court with grounds to usurp the trial court's inherent authority to control its own docket. *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH