

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00408-CR

**IN RE** Orlando **GONZALES**, Jr.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed: July 13, 2016

PETITION FOR WRIT OF MANDAMUS DENIED

On June 24, 2016, Relator filed a pro se petition for writ of mandamus seeking an order directing the trial court to rule on Relator's Motion for Speedy Trial, Motion to Compel, and Motion to Dismiss Complaint.

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act and mandamus may issue to compel the trial judge to act. *See Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004); *see also Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (holding a trial court is required to consider and rule upon a motion within a reasonable time).

---

[1] This proceeding arises out of Cause No. 354469, pending in the County Court at Law No. 1, Bexar County, Texas, the Honorable John D. Fleming presiding.

A relator has the burden of providing this court with a record sufficient to establish a right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) (relator must file a certified or sworn copy of every document material to the relator's claim for relief that was filed in underlying proceeding). In a case such as the one before us, a relator has the burden to provide a court of appeals with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time. *In re Gallardo*, 269 S.W.3d at 645; *In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, Relator did not provide this court with a record sufficient to establish his claim for relief. Relator has provided copies of the various motions that Relator contends are the bases of his request for mandamus relief. However, none of these copies are file marked, thus the copies do not show these motions were ever actually filed with the trial court. Because the record does not establish that the motion at issue was filed with the county clerk, that the trial court has been made aware of the motion, or that the trial court has expressly refused to rule on it, we conclude Relator has not shown himself entitled to mandamus relief on this record. *In re Gallardo*, 269 S.W.3d at 645. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH