

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00041-CR

**IN RE** Jose **MEDINA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
              Irene Rios, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: January 30, 2019

PETITION FOR WRIT OF MANDAMUS DENIED; MOTION FOR LEAVE DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to set for a hearing and rule on his "Motion of [sic] Leave to File Motion to Amend the Trial Court's Certification of Defendant's Right of Appeal." Relator also filed a motion for leave to file his petition for writ of mandamus. For the reasons stated below, we deny the requested relief.

## DISCUSSION

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial

---

[1] This proceeding arises out of Cause No. 2010-CR-1086-W1, styled *The State of Texas v. Jose Medina*, pending in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, relator has not provided this court with a copy of his "Motion of [sic] Leave to File Motion to Amend the Trial Court's Certification of Defendant's Right of Appeal," a copy of the trial court's docket, or any proof indicating the motion was properly filed or that the trial court is aware of the motion. Also, relator has not provided a record establishing his motion has awaited disposition for an unreasonable time. *Id.* Because relator did not provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

Finally, we deny as moot relator's motion for leave to file a petition for writ of mandamus because a motion for leave is not required for a petition filed in an intermediate appellate court. *See* TEX. R. APP. P. 52.1.

PER CURIAM

Do not publish