

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00462-CR

**IN RE** John M. **POPE**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:  Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: July 17, 2019

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his motion to dismiss his appointed trial counsel. Because relator did not provide this court with a sufficient record, we deny the petition for writ of mandamus.

### DISCUSSION

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

---

[1] This proceeding arises out of Cause No. 2018CR12867, styled *The State of Texas v. John Michael Pope, Jr.*, pending in the 437th Judicial District Court, Bexar County, Texas, the Honorable Lori I. Valenzuela presiding.

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, relator did not provide this court with a copy of his motion to dismiss counsel, a copy of the trial court's docket, or any proof indicating the trial court is aware of the motion to dismiss counsel. Also, relator did not provide a record establishing his motion to dismiss counsel, which he contends he filed on January 31, 2019, has awaited disposition for an unreasonable time. *Id.* Because relator did not provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Do not publish