

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00855-CR

**IN RE** Destyn David **FREDERICK**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Beth Watkins, Justice

Delivered and Filed: December 18, 2019

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to rule

on his "Motion for Court's Permission to File Post-Conviction Forensic DNA Testing" and his

"Application for Commutation of Sentence." Because relator did not provide this court with a

sufficient record, we deny the petition for writ of mandamus.

## DISCUSSION

To establish a right to mandamus relief in a criminal case, the relator must show the trial

court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*,

391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial

---

[1] This proceeding arises out of Cause No. 11-09-00041-CRL, styled *The State of Texas v. Destyn David Frederick*, pending in the 81st Judicial District Court, La Salle County, Texas, the Honorable Donna S. Rayes presiding.

duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, relator did not provide this court with a copy of his pleadings, a copy of the trial court's docket, or any proof indicating the trial court is aware of the pleadings. Also, relator did not provide a record establishing his pleadings have awaited disposition for an unreasonable time. *Id.* Because relator did not provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

We deny as moot relator's request to file a petition for writ of mandamus because leave is not required to file a petition in an intermediate appellate court. *See* TEX. R. APP. P. 52.1; *In re Medina*, 04-19-00041-CR, 2019 WL 360534, at *1 (Tex. App.—San Antonio Jan. 30, 2019, no pet.).

PER CURIAM

Do not publish