

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00050-CV

**IN RE** Richard **LARES**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Delivered and Filed: February 5, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his "Motion to Compel [Martha Flores] to Produce Records." Because relator has not shown the trial court abused its discretion by not ruling, we deny the petition for writ of mandamus.

## DISCUSSION

A trial court clearly abuses its discretion when it fails to rule within a reasonable time on a properly-presented motion. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim

---

[1] This proceeding arises out of Cause No. 2006CI15663, styled *Richard Lares v. Martha C. Flores*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, relator did not provide this court with a file-stamped copy of his motion, a copy of the trial court's docket, or any proof indicating the trial court is aware of the motion. Relator contends he filed his motion to compel on December 20, 2019, along with a Motion to Set his motion to compel for a January 14, 2020 hearing. If relator filed his motion to compel on December 20, 2019, it has been pending for slightly more than one month, which is not an unreasonable time.

Because relator did not satisfy his burden to show the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time, relator is not entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH