

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00537-CV

**IN RE** Phillip **RODRIGUEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena Chapa, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: November 25, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

On November 5, 2020, relator filed a pro se petition for writ of mandamus in which he complains the trial court has refused to rule on and grant his no-evidence motion for summary judgment.

A trial court clearly abuses its discretion when it fails to rule within a reasonable time on a properly-presented motion. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* Tex. R. App. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator

---

[1] This proceeding arises out of Cause No. 2020-CI-12089, styled *Philip Rodriguez v. H.E.B. Grocery Store, L.P., et al.*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Larry Noll presiding.

has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Relator did not provide this court with any record. Also, relator contends he set his summary judgment motion for hearing on September 15, 2020. Assuming this date is accurate, relator has not shown a two-month delay in ruling is unreasonable. Therefore, we conclude relator did not establish his right to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM