

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00614-CR

**IN RE ERIC J. BROWN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: January 13, 2021

PETITION FOR WRIT OF MANDAMUS DENIED

On December 31, 2020, relator filed a pro se petition for writ of mandamus in which he asserts the trial court has failed to rule on his "Motion for Removal of State's VR-17 (visitor restriction)."

A trial court clearly abuses its discretion when it fails to rule within a reasonable time on a properly-presented motion. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this

---

[1] This proceeding arises out of Cause No. 15-02-0067-CRW, styled *State of Texas v. Eric J. Brown*, in the 81st Judicial District Court, Wilson County, Texas, the Honorable Lynn Ellison presiding.

one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, relator did not provide this court with a copy of the motion he claims the trial court has failed to rule upon or any proof indicating the trial court is aware of the motion or has failed to rule for an unreasonable period of time. Because relator did not provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

We deny as moot relator's request for leave to file his petition for writ of mandamus because leave is not required to file a mandamus petition in an intermediate appellate court. *See* TEX. R. APP. P. 52.1; *see also In re Medina*, 04-19-00041-CR, 2019 WL 360534, at *1 (Tex. App.—San Antonio Jan. 30, 2019, no pet.).

PER CURIAM

Do not publish