

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00192-CR

**IN RE** Roaul Enrique **DAVILA**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: April 27, 2022

PETITION FOR WRIT OF MANDAMUS DENIED

On April 6, 2022, Relator Roaul Enrique Davila filed a pro se petition for writ of mandamus asserting the trial court failed to rule on a motion.

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or

---

[1] This proceeding arises out of Cause No. 2017CR000974D1, styled *The State of Texas v. Roaul Enrique Davila*, pending in the 49th Judicial District Court, Webb County, Texas, the Honorable Jose A. Lopez presiding.

sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). A relator must provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable time period. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, Davila attached a copy of his motion to his petition, but the motion is not file-stamped to indicate it was properly filed. *See id.* Davila also did not provide this court with a record indicating the trial court was made aware of the motion or he had been waiting for a ruling for an unreasonable time. *See id.* Based on the record before us, Davila has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied. Davila's request for leave to file a petition for writ of mandamus is also denied because leave is not required to file a petition in an intermediate appellate court. *See* TEX. R. APP. P. 52.1; *In re Medina*, No. 04-19-00041-CR, 2019 WL 360534, at *1 (Tex. App.—San Antonio Jan. 30, 2019, orig. proceeding).

PER CURIAM

Do not publish