

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00028-CR

**IN RE** Juan Antonio **BELMARES CENICEROS**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Luz Elena D. Chapa, Justice
             Beth Watkins, Justice

Delivered and Filed: March 8, 2023

PETITION FOR WRIT OF MANDAMUS DENIED

On January 12, 2023, relator filed a petition for writ of mandamus. Relator also filed a motion for stay of the underlying proceedings pending final resolution of the petition for writ of mandamus, which this court granted in part on January 13, 2023.

For mandamus relief in a criminal case, a relator has the burden to show the trial court violated a ministerial duty and there is no adequate remedy at law. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* However, a relator has the burden of providing this court with a sufficient record. *See* TEX. R. APP. P. 52.7(a)(1). A relator must provide the court of appeals with a record showing

---

[1] This proceeding arises out of Cause No. 11374CR, styled *The State of Texas v. Juan Antonio Belmares Ceniceros*, pending in the County Court, Kinney County, Texas, the Honorable Todd Alexander Blomerth presiding.

the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable time period. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Here, the record contains file-stamped copies of relator's application for writ of habeas corpus and motion for continuance. Additionally, the record provides evidence of relator's efforts to bring his filings to the attention of the trial court. However, relator did not provide this court with a record or authority indicating he has been waiting for a ruling for an unreasonable time.[2] *See id.* Based on the record before us, relator has not satisfied his mandamus burden. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a). The stay imposed on January 13, 2023 is lifted.

PER CURIAM

DO NOT PUBLISH

---

[2] We note relator filed an email from the trial court's court coordinator and argues the email constitutes a ruling on his motion for continuance. Relator did not provide authority to support this argument. *See* TEX. R. APP. P. 52.3(h).