

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00200-CR

**IN RE** Pablo Andres **VELAZQUEZ-MANCERA**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: April 26, 2023

PETITION FOR WRIT OF MANDAMUS DISMISSED IN PART AND DENIED IN PART

On March 6, 2023, relator filed a petition for writ of mandamus. Relator also filed a motion for stay of the underlying proceeding pending final resolution of the petition for writ of mandamus, which this court granted in part on March 8, 2023.

Relator's mandamus petition argues the trial court has failed to rule on his application for writ of habeas corpus and his motion to urge.[2] For mandamus relief in a criminal case, a relator has the burden to show the trial court violated a ministerial duty and there is no adequate remedy at law. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210

---

[1] This proceeding arises out of Cause No. 12737CR, styled *State of Texas v. Pablo Andres Velazquez-Mancera*, pending in the County Court, Kinney County, Texas, the Honorable Todd Alexander Blomerth and the Honorable Susan D. Reed presiding.

[2] Relator's motion to urge seeks a ruling from the trial court on his habeas application prior to any in-person settings and requests "that his mandatory in-person presence be waived until the State has made it clear it can satisfy its burden."

(Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* However, a relator has the burden of providing this court with a sufficient record. *See* TEX. R. APP. P. 52.7(a)(1). A relator must provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the trial court has refused to rule on the motion or that the trial court has not ruled on the motion after an unreasonable time period. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding); *see also In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) ("After these prerequisites are met, we have jurisdiction to direct the trial court to consider and rule on pending matters; however, we may not tell the trial court what ruling it should make.").

Here, the record contains file-stamped copies of relator's application for writ of habeas corpus and motion to urge. Additionally, the record provides evidence of relator's efforts to bring his filings to the attention of the trial court. We note, however, that during the pendency of this original proceeding, the trial court ruled on relator's application for writ of habeas corpus. Because relator has received a ruling on his application for writ of habeas corpus, the relief requested in his mandamus petition, this issue is now moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (holding mandamus moot where relator received relief sought).

Although the trial court ruled on relator's habeas application, the mandamus record does not show that the trial court has ruled on his motion to urge. Nevertheless, relator did not provide this court with a record or authority indicating that the trial court has refused to rule on his motion to urge or that he has been waiting for a ruling for an unreasonable time period. *See Mendoza*, 131 S.W.3d at 167-68; *Hearn*, 137 S.W.3d at 685-86.

Based on the record before us, relator has not satisfied his mandamus burden. Accordingly, the petition for writ of mandamus is dismissed in part and denied in part. *See* TEX. R. APP. P. 52.8(a). The stay imposed on March 8, 2023 is lifted.

PER CURIAM

DO NOT PUBLISH