

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00345-CR

**IN RE** Mario Garcia **MARTINEZ**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: April 26, 2023

PETITION FOR WRIT OF MANDAMUS DENIED

On April 13, 2023, relator filed a petition for writ of mandamus. Relator also filed a motion for stay of the underlying proceeding pending final resolution of the petition for writ of mandamus.

Relator's mandamus petition argues the trial court has failed to rule on his application for writ of habeas corpus and his motion to urge. For mandamus relief in a criminal case, a relator has the burden to show the trial court violated a ministerial duty and there is no adequate remedy at law. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* However, a relator has the burden of providing this court with a sufficient record. *See* TEX. R. APP. P. 52.7(a)(1). A relator must provide the court of appeals

---

[1] This proceeding arises out of Cause No. 13972CR, styled *State of Texas v. Mario Garcia Martinez*, pending in the County Court, Kinney County, Texas, the Honorable Susan D. Reed presiding.

with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the trial court has refused to rule on the motion or that the trial court has not ruled on the motion for an unreasonable time period. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) ("After these prerequisites are met, we have jurisdiction to direct the trial court to consider and rule on pending matters; however, we may not tell the trial court what ruling it should make.").

Here, relator did not provide this court with a sufficient record showing that he has a clear right to the mandamus relief sought. *See Young*, 236 S.W.3d at 210. Accordingly, the petition for writ of mandamus is denied without prejudice. *See* TEX. R. APP. P. 52.8(a). Relator's motion for stay is denied as moot.

PER CURIAM

DO NOT PUBLISH