

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00047-CR

**IN RE** Paulin Gonzalez **DELGADILLO**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Luz Elena D. Chapa, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: May 3, 2023

PETITION FOR WRIT OF MANDAMUS DENIED

On January 12, 2023, relator filed a petition for writ of mandamus. Relator also filed an emergency motion to stay the underlying proceedings pending disposition of the petition for writ of mandamus, which this court granted in part on January 13, 2023.

For mandamus relief in a criminal case, a relator has the burden to show the trial court violated a ministerial duty and there is no adequate remedy at law. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* However, a relator has the burden of providing this court with a sufficient record. *See* TEX. R. APP. P. 52.7(a)(1). A relator must provide the court of appeals with a record showing

---

[1] This proceeding arises out of Cause No. 10855CR, styled *State of Texas v. Paulin Gonzalez Delgadillo*, pending in the County Court, Kinney County, Texas, the Honorable Todd Alexander Blomerth presiding.

the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable time period. *See In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Here, the record contains file-stamped copies of relator's application for writ of habeas corpus and motion for continuance. Additionally, the record provides evidence of relator's efforts to bring his filings to the attention of the trial court. However, this record does not establish that the trial court has failed to rule for an unreasonable period of time.[2] *See id.* Based on the record before us, relator has not satisfied his mandamus burden. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a). The stay imposed on January 13, 2023 is lifted.

PER CURIAM

DO NOT PUBLISH

---

[2] We note relator filed an email from the trial court's court coordinator and argues the email constitutes a ruling on his motion for continuance. Relator did not provide authority to support this argument. *See* TEX. R. APP. P. 52.3(h).