

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00219-CR

**EX PARTE** Jose Antonio **SOLIS RAMIREZ**

Original Proceeding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Beth Watkins, Justice

Delivered and Filed: May 3, 2023

PETITION FOR WRIT OF MANDAMUS DENIED

On March 9, 2023, relator filed a petition for writ of mandamus. Relator also filed an emergency motion to stay the underlying proceedings pending disposition of the petition for writ of mandamus.

For mandamus relief in a criminal case, a relator has the burden to show the trial court violated a ministerial duty and there is no adequate remedy at law. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* However, a relator has the burden of providing this court with a sufficient record. *See* TEX. R. APP. P. 52.7(a)(1). A relator must provide the court of appeals with a record showing

---

[1] This proceeding arises out of Cause No. 13540CR, styled *State of Texas v. Jose Antonio Solis Ramirez*, pending in the County Court, Kinney County, Texas, the Honorable Susan D. Reed presiding.

the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable time period. *See In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Here, the record contains a copy of relator's application for writ of habeas corpus. However, the copy of relator's habeas application is not file-stamped, and this record does not establish that the trial court was aware of relator's filing or that the trial court has failed to rule for an unreasonable period of time. *See id.* Based on the record before us, relator has not satisfied his mandamus burden. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a). Relator's emergency motion to stay is denied as moot.

PER CURIAM

DO NOT PUBLISH