

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00187-CR

**IN RE** Juan Ricardo **GONZALEZ MEDINA**

Original Proceeding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: July 19, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DISMISSED IN PART

Relator is a noncitizen who was arrested under Operation Lone Star, processed, and released on bond. After his bonded release, relator was removed from the country. Following his removal, relator filed a petition for writ of mandamus arguing the trial court failed to rule on two of his filings—his application for writ of habeas corpus and his motion to urge. Relator also filed a motion to stay the underlying proceeding pending our final resolution of his mandamus petition, which we granted in part by staying all pretrial settings requiring relator's in-person appearance.[2]

Relator argues the trial court has failed to rule on his application for writ of habeas corpus and motion to urge. Relator concludes that, because his underlying habeas application is

---

[1] This proceeding arises out of Cause No. 13720CR, styled *State of Texas v. Juan Ricardo Gonzalez Medina*, pending in the County Court, Kinney County, Texas, the Honorable Todd Alexander Blomerth and the Honorable Susan D. Reed presiding.
[2] Our stay order issued on March 8, 2023.

meritorious, he has a clear right to mandamus relief. Real party in interest, the State of Texas, responds first asserting that relator cannot satisfy all the failure-to-rule elements. Next, the State contends relator is not entitled to mandamus relief because his underlying habeas application is meritless.

A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a filing "is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that [filing] is a ministerial act, and mandamus may issue to compel the trial judge to act." *In re Mendoza*, 131 S.W.3d 167 (Tex. App.—San Antonio 2004, orig. proceeding). "However, the trial court has a reasonable time within which to perform this ministerial duty." *Id*. "Accordingly, if a court unnecessarily delays ruling, mandamus will lie in appropriate situations." *Id.* Nevertheless, a reviewing court may not use mandamus relief to direct the trial court to rule in a particular way. *See Young*, 236 S.W.3d at 210 ("While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to rule a certain way on that motion.") (citation omitted). That is, we, as a reviewing court, may not review and rule on the underlying merits of relator's filings. *See id.*; *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) (noting after the failure to rule elements are satisfied, this court has "jurisdiction to direct the trial court to consider and rule on pending matters; however, we may not tell the trial court what ruling it should make."). Rather, this court may only review whether: (1) relator properly filed his habeas application and motion to urge; (2) the trial court is aware of relator's filings; and (3) the trial court has refused to rule or failed to rule after an unreasonable time period. *See id*.

On February 27, 2023, relator filed his application for writ of habeas corpus seeking discharge and dismissal of his underlying case based on equal protection principles. The same day he filed his habeas application, relator requested the trial court set a hearing on his habeas application. On February 28, 2023, relator filed a motion to urge the trial court to rule on his habeas application. On March 6, 2023, as he did not receive a ruling on either his habeas application or motion to urge, relator filed his mandamus petition.

Although we stayed proceedings in the underlying matter requiring the in-person attendance of relator, our stay order expressly noted that any pretrial settings not requiring relator's in-person appearance may proceed. Despite being able to rule on relator's habeas application, the trial court has failed to do so. We hold, under these facts, that the trial court's failure to rule on relator's habeas application warrants mandamus relief.[3] *See Young*, 236 S.W.3d at 210; *Mendoza*, 131 S.W.3d 167.

Finally, because of the stay granted by this court, relator's complaint about his required in-person attendance at the March 9, 2023 pretrial hearing is moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (holding mandamus petition was moot where relator received relief sought). We, therefore, conditionally grant in part and dismiss in part relator's petition for writ of mandamus. The stay imposed on March 8, 2023 is lifted.

PER CURIAM

DO NOT PUBLISH

---

[3] Because we are unable to review the merits of relator's habeas application without a ruling from the trial court, we do not address relator's second argument. *See Young*, 236 S.W.3d at 210.