

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00404-CR

**IN RE** Norman **YOES**

Original Proceeding[1]

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: July 3, 2024

PETITION FOR WRIT OF MANDAMUS DENIED

On June 17, 2024, relator filed a pro se petition for writ of mandamus in which he asserts the trial court has failed to rule on his "Original Application for Writ of Habeas Corpus."

For mandamus relief in a criminal case, a relator has the burden to show the trial court violated a ministerial duty and there is no adequate remedy at law. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* However, a relator has the burden of providing this court with a sufficient record. *See* TEX. R. APP. P. 52.7(a)(1). A relator must provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion

---

[1] This proceeding arises out of Cause No. CR-19-0000115, styled *State of Texas v. Norman Yoes*, pending in the 198th Judicial District Court, Bandera County, Texas, the Honorable M. Rex Emerson presiding.

has not been ruled on by the trial court for an unreasonable time period. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Here, relator has not provided this court with proof indicating his application for writ of habeas corpus has been properly filed in the trial court, that the trial court is aware of his application, or a record establishing his application has awaited disposition for an unreasonable time period. Because relator did not provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH