

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00156-CR

**IN RE** George **MUNOZ** Jr.

Original Proceeding[1]

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice

Delivered and Filed: March 19, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

On March 7, 2025, relator filed a petition for writ of mandamus complaining that the trial court has refused to rule on his motion for forensic DNA testing. Because relator did not provide this court with a sufficient record, we deny the petition for writ of mandamus.

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Ct. App.*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

---

[1] This proceeding arises out of Cause No. 2015CR5575, styled *State of Texas v. George Munoz Jr.*, pending in the 226th Judicial District Court, Bexar County, Texas, the Honorable Benjamin Robertson presiding.

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, relator did not provide this court with proof: that his motion was properly filed; that the trial court is aware of the motion; or that his motion has awaited disposition for an unreasonable period of time. *See id*. Because relator did not provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH