

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00154-CR

**IN RE Stephen Wayne RICHARDSON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Beth Watkins, Justice

Delivered and Filed: March 25, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

On March 11, 2020, relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his application for habeas corpus. Relator contends he filed his application on March 9, 2020. In his petition for writ of mandamus, relator asks this court to compel the trial court to rule on the application. We deny the petition.

**DISCUSSION**

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial

---

[1] This proceeding arises out of Cause No. 2010-CR-10629, styled *The State of Texas v. Stephen Wayne Richardson*, pending in the 399th Judicial District Court, Bexar County, Texas, the Honorable Juanita A. Vasquez-Gardner presiding.

duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding). In this case, relator attached a copy of his application for habeas corpus; however, the application is not file-stamped by the district clerk and no other documents were provided by relator showing the trial court was made aware of the application.

Also, relator did not provide a record establishing his motions have awaited disposition for an unreasonable time. *See id.* The temporal requirement on a trial court to rule on a pending motion is only that the judge rule within a "reasonable time." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). Whether such a period has lapsed is dependent upon the circumstances of each case. *Chavez*, 62 S.W.3d at 228. Moreover, "no bright-line demarcates the boundaries of a reasonable time period." *Id.* Its scope is dependent upon many factors, including the trial court's actual knowledge of the motion, its overt refusal to rule, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *See id.* at 228-29. This court has held that up to three months is a reasonable time to pass before a court rules. *See In re Cavazos*, 04-18-00586-CR, 2018 WL 4096361, at *1 (Tex. App.—San Antonio Aug. 29, 2018, orig. proceeding) (mem. op.) (per curiam) (approximately three months

since relator allegedly filed his motion to reopen and about one month since he allegedly filed his motion requesting a ruling); *In re Holleman*, No. 04-04-00183-CV, 2004 WL 624584, at \*1 (Tex. App.—San Antonio Mar. 31, 2004, orig. proceeding) (mem. op.) (per curiam) (only a little over one month since motion for default judgment was filed and only a few weeks since relator informed district clerk the Attorney General's Office had been notified he intended to pursue a default judgment); *but see Ramirez*, 994 S.W.2d at 684 (deciding 18-month delay was unreasonable). In this case, less than a few days have elapsed since relator allegedly filed his application.

## CONCLUSION

Relator did not provide this court with a record establishing his application for habeas corpus was filed with the trial court, the trial court was made aware of the application, or the trial court has expressly refused to rule on the application within a reasonable time. Therefore, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Do not publish