

# Fourth Court of Appeals
## San Antonio, Texas

December 9, 2020

No. 04-20-00537-CV

**IN RE** Phillip **RODRIGUEZ**

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-12089
Honorable Larry Noll, Judge Presiding

# O R D E R

Original Mandamus Proceeding[1]

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena Chapa, Justice
                Liza A. Rodriguez, Justice

On November 5, 2020, relator filed a *pro se* petition for writ of mandamus in which he complained the trial court has refused to rule on and grant his no-evidence motion for summary judgment. Relator contends he set his summary judgment motion for hearing on September 15, 2020. On November 25, 2020, this court issued an opinion denying the petition on the grounds that relator did not provide this court with any record and he did not establish that a two-month delay in ruling was unreasonable.

On November 30, 2020, relator filed a motion for reconsideration stating that two months have now passed since he filed his no-evidence motion for summary judgment and this court should reconsider our November 25, 2020 ruling. Relator also filed a copy of his request to the trial court clerk in which he requested certain pleadings that would support his request for mandamus relief.

In addition to providing this court with a record showing the motion at issue was properly filed and the trial court was made aware of the motion, relator must also establish that the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding). The temporal

---

[1] This proceeding arises out of Cause No. 2020-CI-12089, styled *Philip Rodriguez v. H.E.B. Grocery Store, L.P., et al.*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Larry Noll presiding.

requirement on a trial court to rule on a pending motion is only that the judge rule within a "reasonable time." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). Whether such a period has lapsed is dependent upon the circumstances of each case. *Chavez*, 62 S.W.3d at 228. Moreover, "no bright-line demarcates the boundaries of a reasonable time period." *Id.* Its scope is dependent upon a myriad of criteria, including the trial court's actual knowledge of the motion, its overt refusal to rule, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.* at 228-29.

Relator's motion for reconsideration does not establish the trial court has refused to rule for an unreasonable period of time. Therefore, relator's motion for reconsideration is DENIED without prejudice to relator filing a new petition for writ of mandamus.

It is so **ORDERED** on December 9, 2020.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT