

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00218-CR

**IN RE** Ulises Reyes **RAMIREZ**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: August 2, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DENIED IN PART

Relator is a noncitizen who was arrested under Operation Lone Star, processed, and released on bond. After his bonded release, relator was removed from the country. Following his removal, relator filed a petition for writ of mandamus arguing the trial court failed to rule on two of his filings—his application for writ of habeas corpus and his motion to urge. Relator also filed a motion to stay the underlying proceeding pending our final resolution of his mandamus petition, which we granted in part by staying all pretrial settings requiring relator's in-person appearance.[2]

Relator argues the trial court has failed to rule on his application for writ of habeas corpus and motion to urge. Relator concludes that, because his underlying habeas application is

---

[1] This proceeding arises out of Cause No. 13759CR, styled *State of Texas v. Ulises Reyes Ramirez*, pending in the County Court, Kinney County, Texas, the Honorable Susan D. Reed presiding.
[2] Our stay order issued on March 8, 2023.

meritorious, he has a clear right to mandamus relief. Real party in interest, the State of Texas, responds first asserting that relator cannot satisfy all the failure-to-rule elements. Next, the State contends relator is not entitled to mandamus relief because his underlying habeas application is meritless.

A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a filing "is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that [filing] is a ministerial act, and mandamus may issue to compel the trial judge to act." *In re Mendoza*, 131 S.W.3d 167 (Tex. App.—San Antonio 2004, orig. proceeding). "However, the trial court has a reasonable time within which to perform this ministerial duty." *Id*. "Accordingly, if a court unnecessarily delays ruling, mandamus will lie in appropriate situations." *Id.* Nevertheless, a reviewing court may not use mandamus relief to direct the trial court to rule in a particular way. *See Young*, 236 S.W.3d at 210 ("While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to rule a certain way on that motion.") (citation omitted). That is, we, as a reviewing court, may not review and rule on the underlying merits of relator's filings. *See id.*; *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) (noting after the failure to rule elements are satisfied, this court has "jurisdiction to direct the trial court to consider and rule on pending matters; however, we may not tell the trial court what ruling it should make."). Rather, this court may only review whether: (1) relator properly filed his habeas application and motion to urge; (2) the trial court is aware of relator's filings; and (3) the trial court has refused to rule or failed to rule after an unreasonable time period. *See id*.

On February 14, 2023, relator filed his application for writ of habeas corpus seeking discharge and dismissal of his underlying case based on equal protection principles. The next day, February 15, 2023, relator requested a hearing on his habeas application by emailing a hearing request form to the trial court court coordinator. On February 22, 2023, the trial court emailed relator notifying him that he was to appear in-person on March 9, 2023 for a pretrial setting. On March 8, 2023, as he did not receive a ruling on either his habeas application or motion to urge, relator filed his mandamus petition.

Although we stayed proceedings in the underlying matter requiring the in-person attendance of relator, our stay order expressly noted that any pretrial settings not requiring relator's in-person appearance may proceed. Despite being able to rule on relator's habeas application, the trial court has failed to do so. We hold, under these facts, that the trial court has failed to rule on relator's habeas application after an unreasonable time period.[3] *See Young*, 236 S.W.3d at 210; *Hearn*, 137 S.W.3d at 685–86 (holding, while not unreasonable as a matter of law, eight months without a ruling was unreasonable where the underlying motion sought medical treatment); *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (opining what constitutes a reasonable time is "dependent upon the circumstances of each case" as there are "no bright line demarcates [on] the boundaries of a reasonable time period.").

Finally, relator argues the trial court has failed to rule on his motion to urge. The mandamus record does not contain a copy of relator's motion or any evidence such motion was filed in the trial court. Because relator's record does not establish that he is entitled to relief, we deny relief on this issue. *See* TEX. R. APP. P. 52.7 (establishing that it is relator's burden to provide reviewing

---

[3] Because we are unable to review the merits of relator's habeas application without a ruling from the trial court, we do not address relator's second argument. *See Young*, 236 S.W.3d at 210.

court with an adequate record); *Mendoza*, 131 S.W.3d at 168 (denying mandamus relief where relator failed to provide a record establishing he was entitled to relief).

We, therefore, conditionally grant in part and deny in part relator's petition for writ of mandamus. The stay imposed on March 8, 2023 is lifted.

PER CURIAM

DO NOT PUBLISH